v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided April 24, 1990.

Doris J. Dabrowski, Philadelphia, for petitioner.

Kathleen Harrington, Asst. Counsel, for respondent.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

B.G. appeals from an order of the Department of Public Welfare (DPW), which denied B.G.'s request to expunge DPW's Indicated Report of Sexual Abuse (Report)[1] listing B.G. as the perpetrator of a sexual abuse. We affirm.

Florence Huber, a Department of Human Services caseworker (Caseworker), received an oral report from M.S.'s mother that B.G. had been baby-sitting M.S., a 3½–year-old girl, when M.S.'s mother returned home and found M.S. sitting on B.G.'s lap in an awkward position with the crotch section of her underwear all stretched out.[2] Caseworker interviewed M.S., who stated that B.G. touched her vaginal area and hurt her. Caseworker also interviewed M.S.'s mother and referred her to Julie O'Neill, a child psychotherapist (Psychotherapist), who subsequently counselled M.S. on ten occasions. Caseworker then interviewed B.G., who denied that he had abused M.S. Finding M.S.'s statement reliable, Caseworker issued a Report which concluded that B.G. had sexually abused M.S.

B.G. received a letter from DPW informing him that he had been identified in the Report as the perpetrator of a sexual abuse against M.S. B.G. filed an appeal to expunge the Report and requested a hearing, a copy of the Report, and subpoenas for five named witnesses.

1. An Indicated Report is made if, after the Department of Human Services investigates a report of abuse, it determines that substantial evidence of an abuse exists. 55 Pa.Code § 3490.

2. Telephone Referral Report, Hearing Transcript, DPW Exhibit 1.

Pursuant to this request a hearing was scheduled, but B.G.'s counsel was not given a copy of the Report until 15 minutes before the hearing. Prior to the taking of testimony, B.G.'s counsel complained because he had not received the Report sooner, and argued that he had not been able adequately to prepare for the hearing. B.G.'s counsel stated that he was not prepared to question DPW's witnesses, advised B.G. not to testify, and exited the hearing room with B.G. before the taking of any testimony. There was no request for a continuance.

Following the departure of B.G. and his counsel, DPW presented Caseworker's and Psychotherapist's testimony upon which it based the conclusion reached in the Report that B.G. had sexually abused M.S. The hearing officer made findings of fact and conclusions of law and recommended that the appeal be denied. DPW issued an order adopting the recommendation and denying the appeal.

■ On appeal to this court,[3] B.G. raises three issues: (1) whether the hearing officer improperly relied on inadmissible hearsay evidence; (2) whether DPW's decision not to call M.S.'s mother as a witness creates an inference that her testimony would have been unfavorable; and (3) whether DPW's failure to supply a copy of the Report until the day of the hearing and failure to issue the requested subpoenas violated B.G.'s rights.

As to the first issue, B.G. argues that Caseworker and Psychotherapist testified as to what M.S. told them. B.G. argues that Caseworker's and Psychotherapist's testimony is inadmissible hearsay.

■ The testimony by a caseworker witness describing the statements and gestures made by a child declarant for the purposes of proving the truth of the events thought to be described is hearsay. *L.W.B. v. Sosnowski,* 117 Pa.Com-

---

**3.** Our scope of review requires that we determine whether DPW's adjudication comports with the applicable law, whether its findings are supported by substantial evidence, and whether the appellant's constitutional rights were violated. *L.W.B. v. Sosnowski,* 117 Pa.Commonwealth Ct. 120, 543 A.2d 1241 (1988).

monwealth Ct. 120, 543 A.2d 1241 (1988). A caseworker's hearsay testimony is inadmissible unless a hearing officer makes a finding that "the time, content, and circumstances" of the evidence provide "sufficient indicia of reliability." *Id.*

The hearing officer states in the adjudication that:

[Caseworker's testimony] reveals that a thorough investigation of this incident was completed. The investigation included a detailed interview with M.S. According to [Caseworker], the child unhesitatingly and clearly stated that, while her mother was out of the house, [B.G.] asked M.S. to sit on his lap and he touched her 'petunia' and twisted and hurt her.

. . . .

[Psychotherapist] stated that during the therapy session[s], M.S. talked about the sexual abuse incident stating that [B.G.] touched her on her 'tussy' and 'tunnia' while her mother took her brother to school. [Psychotherapist] continued that [M.S.] was able to indicate on a doll that the 'tussy' was the buttock area and that the 'tunnia' was the vaginal area. [Psychotherapist] concluded that the statements by [M.S.] was [sic] consistent in repeating the same incident several times.

The hearing officer found that M.S. was given a doll with which she indicated where she was touched, that M.S. consistently repeated her description of the incident to both Caseworker and Psychotherapist, and that the investigation was thorough. We have held that this type of thoughtful analysis by the hearing officer is essentially equivalent to a finding that the time, content and circumstances provide the necessary indicia of reliability. *See L.W.B.,* 117 Pa.Commonwealth Ct. at 136, 543 A.2d at 1248. We conclude that the hearing officer properly admitted and relied upon the hearsay testimony.

As to the second issue, B.G. contends that M.S.'s mother was an eyewitness to the alleged sexual abuse. B.G. argues that the failure of the party with the burden of proof

to present an available non-hostile eyewitness' testimony creates an inference that the testimony would have been unfavorable. B.G. asserts that the hearing officer improperly failed to make a finding that he considered M.S.'s failure to testify.

An adverse inference cannot be drawn by the failure of a party to call a witness where the witness could have been called by the opposing party. *Adonizio Brothers, Inc. v. Department of Transportation Board of Review,* 108 Pa.Commonwealth Ct. 25, 529 A.2d 59 (1987). From our review of the record, M.S.'s mother was present at the hearing.[4] Had B.G. remained at the hearing he could have called M.S.'s mother as a witness. Therefore, we conclude that an adverse inference cannot be drawn.

As to the third issue, B.G. concedes that his request for production of the Report was not submitted to the agency head or the hearing officer as required by 1 Pa.Code § 35.142(a). B.G. argues that because DPW did not advise him of the correct procedure, the case should be remanded so that B.G.'s counsel can adequately prepare to represent him.

B.G. had the opportunity to correctly submit an application for the subpoenas and the production of the Report. B.G. did not correctly submit an application for the subpoenas or the production of the Report prior to the hearing, nor orally request subpoenas at the hearing, nor request a continuance to submit an application. B.G.'s counsel had the opportunity to adequately prepare to represent B.G. Counsel's failure to adequately prepare is not grounds for a remand.

Accordingly, we affirm.

## ORDER

AND NOW, April 24, 1990, the order of the Department of Public Welfare in the above-captioned matter is affirmed.

4. Hearing Transcript, 13.