**Lee A. FINE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted April 18, 1997.
Decided May 16, 1997.

Shawn M. Stevenson, Pittsburgh, for appellant.

Matthew X. Haeckler, Assistant Counsel, and Timothy P. Wile, Assistant Counsel, In-Charge, Harrisburg, for appellee.

Before PELLEGRINI and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

Lee A. Fine (Licensee) appeals from the decision of the Court of Common Pleas of Washington County (trial court) dismissing his statutory appeal of a three-month suspension of his operating privileges imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) pursuant to the Motor Vehicle Financial Responsibility Law.[1]

On March 5, 1996, while driving his vehicle, Licensee was stopped by Officer Bartman of Jefferson Borough. He was cited for operating a vehicle without the required financial responsibility.[2] He pled guilty and was convicted of that offense before a district justice on April 12, 1996, with a sentence of a fine of $300. On April 24, 1996, PennDOT notified Licensee that his driving privileges would be suspended for three months under Section 1786(d) of the Vehicle Code[3] for failing to produce proof of financial responsi-

bility on March 5, 1996. Licensee filed a statutory appeal with the trial court.

■ At a *de novo* hearing before the trial court, PennDOT offered a certified copy of the record of conviction from the district justice, which indicated that Licensee had pled guilty to the offense.[4] Licensee objected to the admission of the record from the district justice and offered a copy of an order of the Court of Common Pleas of Allegheny County, which heard Licensee's appeal from the district justice *de novo*,[5] adjudging him not guilty of the offense. After argument by the parties, the trial court ruled that Penn-DOT had met its *prima facie* case and offered Licensee the opportunity to testify on his own behalf. Licensee chose not to testify or present further evidence. PennDOT then attempted to call Licensee as a witness; however, the trial court refused to allow it. The trial court dismissed the appeal and reinstated the suspension, holding that Penn-DOT established a *prima facie* case based on the conviction by the district justice, thereby shifting the burden to Licensee who failed to prove that he fell within the exceptions to Section 1786(d). Licensee then filed this appeal.[6]

1. The Motor Vehicle Financial Responsibility Law requires that every motor vehicle required to be registered must be covered by financial responsibility, that is, liability insurance, and the owner is deemed to have given consent to produce proof upon request by a police officer that the vehicle has the requisite financial responsibility. Section 1786(a) & (c) of the Vehicle Code, 75 Pa.C.S. § 1786(a) & (c).

2. Section 1786(f) of the Vehicle Code, 75 Pa.C.S. § 1786(f). Section 1786(f) provides:
   Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

3. 75 Pa.C.S. § 1786(d) provides:
   The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department

determines that the owner or registrant has operated or permitted the operation of the vehicle without financial responsibility.... This subsection shall not apply in the following circumstances:
   (1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of the lapse in financial responsibility.
   (2) The owner or registrant is a member of the armed services of the United States ... [and] financial responsibility had lapsed while the owner or registrant was on ... duty ...

4. 42 Pa.C.S. §§ 6103 and 6109 allow certain documents or copies thereof to be introduced into evidence under the seal of the public officer whose official duties concern the governmental unit in question. The use of such documents in license suspension matters is specifically sanctioned in Section 1550(d)(1) of the Vehicle Code, 75 Pa.C.S. § 1550(d)(1).

5. Pa. R.Crim. P. 86(f).

6. In reviewing the decision of the trial court, we are limited to determining whether necessary findings of fact are supported by competent evi-

■ As PennDOT acknowledges, to meet its burden of proof where a licensee has appealed a license suspension pursuant to Section 1786(d), it must establish that the vehicle is one which must be registered, that financial responsibility was not secured or maintained, and that the licensee operated the vehicle while it was not covered by financial responsibility. *Pelter v. Department of Transportation, Bureau of Driver Licensing,* 663 A.2d 844 (Pa.Cmwlth.1995); *Stone.* In *Wible v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 744 (Pa. Cmwlth.1996), we held that where a licensee pled guilty to operating a motor vehicle without the requisite financial responsibility in violation of Section 1786(f) and did not object to the admission of the record of the guilty plea, PennDOT met its burden of proof to support a license suspension under Section 1786(d).[7] Once PennDOT has satisfied its burden, the burden shifts to the licensee to prove that he, in fact, maintained financial responsibility or that he fell within the exceptions described in Section 1786(d). *Stone.*

■ Licensee contends that PennDOT did not meet its burden of proof in this case by submitting the conviction of the district justice because that conviction was reversed by the "not guilty" verdict in the Court of Common Pleas of Allegheny County. PennDOT argues that the Court of Common Please of Allegheny County merely dismissed the action because the police officer did not show up to testify, and that such a dismissal does not change the facts pled guilty to by the Licensee before the district justice.

What PennDOT fails to realize is that, like a licensee attempting to argue that he was not properly convicted of an underlying offense as the basis of a suspension, it cannot collaterally attack the Court of Common Pleas of Allegheny County's judgment of not guilty. *See Commonwealth v. Bursick,* 526 Pa. 6, 584 A.2d 291 (1990); *Orndoff v. Department of Transportation, Bureau of Driver Licensing,* 654 A.2d 1 (Pa.Cmwlth.1994). Licensee had a right to appeal the district justice's order, and the appeal must be *de novo* before the court of common pleas pursuant to Pa.R.Crim.P. 86(f). The Court of Common Pleas of Allegheny County's order states that Licensee was adjudged not guilty of the offense. Such a not guilty judgment overturns and replaces any determination by or plea before the district justice.

Although PennDOT's initial submission of its records may have met its burden to establish a conviction, it is a rebuttable presumption; Licensee's submission of a certified copy of the appeal is sufficiently clear and convincing to rebut the presumption of a conviction. *Department of Transportation, Bureau of Driver Licensing v. Diamond,* 151 Pa.Cmwlth. 351, 616 A.2d 1105, 1107–08 (1992). Unlike in *Wible,* in this case, the plea before the district justice was overturned on appeal, and the record of the plea was objected to by the Licensee. Accordingly, PennDOT did not meet its ultimate burden of proof because the presumption of a conviction was sufficiently rebutted by the record of the not guilty judgment in the Court of Common Pleas of Allegheny County.

■ Even if the record of the district justice was insufficient to meet its burden of proof, PennDOT argues it was entitled to call Licensee to testify as an adverse witness. Because any competent witness, except the defendant in a criminal proceeding, may be compelled to testify pursuant to 42 Pa.C.S. § 5941(a), PennDOT could have called Licensee to testify in its case in chief or in proper rebuttal. PennDOT failed to call Licensee in its case in chief and his testimony was not proper rebuttal.

■ After PennDOT had submitted its documentary evidence and Licensee then submitted his documentary evidence that the district justice conviction had been reversed, PennDOT attempted to call Licensee. Based

dence and whether an error of law has been committed. *Stone v. Department of Transportation, Bureau of Driver Licensing,* 166 Pa.Cmwlth. 643, 647 A.2d 287 (1994). In addition, we are required to view the evidence in the light most favorable to the party that prevailed before the trial court. *Id.*

7. Although a suspension under Section 1786(d) is not based on a conviction, the elements of the offense stated in Section 1786(f) are the same facts PennDOT must establish under Section 1786(d).

on the transcript of the exchange, Penn-DOT's examination of Licensee would have been in rebuttal and would have gone to the factual basis for the criminal charge.[8] Because PennDOT is not permitted to collaterally attack the not guilty verdict on the criminal charge, the trial court did not err in refusing PennDOT's attempt to call Licensee as a witness.[9]

Accordingly, we reverse the order of the trial court.

SILVESTRI, Senior Judge, dissents.

### ORDER

AND NOW, this 16th day of May, 1997, the order of the Court of Common Pleas of Washington County, filed October 15, 1996, No. 2397 of 1996, is reversed.

---

8. PennDOT asserted in its brief, for the first time, that Licensee was required, by Section 1786(c) of the Vehicle Code (registering a motor vehicle is deemed consent to produce proof upon request to PennDOT or a police office of financial responsibility), to produce proof of financial responsibility at the hearing. The transcript establishes that PennDOT made no "request" as required by the statute before the trial court; attempting to call Licensee to testify is not a request for proof pursuant to Section 1786(c). Moreover, we fail to see how a Section 1786(c) request on the day of the trial could meet PennDOT's burden of proof on the suspension which was based on the March 6, 1996 stop by a police officer.

9. PennDOT also argues it was entitled to a negative inference from Licensee's failure to testify in his own case in chief. We disagree. Such an inference is inappropriate where the witness could have been called by the opposing party, in this case, PennDOT. *B.G. v. Department of Public Welfare*, 132 Pa.Cmwlth. 563, 573 A.2d 672 (1990); *Adonizio Brothers, Inc. v. Department of Transportation, Board of Review*, 108 Pa.Cmwlth. 25, 529 A.2d 59 (1987), *petition for allowance of appeal denied*, 518 Pa. 627, 541 A.2d 1138 (1988). Moreover, a negative inference is generally made against the party with the burden of proof; where a party has no burden to meet or is satisfied that the opposing party has not met its burden of proof, an adverse inference may not be drawn for failure to produce evidence. *Lautek v. Unemployment Compensation Board of Review*, 138 Pa.Cmwlth. 547, 588 A.2d 1007 (1991).