**Stephanie S. SMITH**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1999.

Decided March 1, 2000.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Mark T. Aaron, Clarion, for appellee.

Before PELLEGRINI, J., LEADBETTER, J., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Jefferson County (trial court) granting the appeal of Stephanie S. Smith and rescinding the Department's suspension of Smith's operating privilege. We reverse.

On November 15, 1997, Smith was involved in a one-vehicle accident. State Police Trooper Robert Manno investigated the accident on November 16, 1997. Smith provided Trooper Manno with an expired insurance card and upon further investigation, Trooper Manno discovered that Smith failed to maintain financial responsibility for her vehicle. Trooper Manno charged

Smith with driving her vehicle at an unsafe speed, failing to report her accident to the police, and failing to provide the required proof of financial responsibility.[1] The trooper reported Smith's violation of the Motor Vehicle Financial Responsibility Act to the Department of Transportation. Thereafter, Trooper Manno agreed to a plea agreement dropping the citation for Smith's not having the required financial responsibility in exchange for Smith's plea of guilty to the charges of driving at an unsafe speed and failing to inform the police of an accident.

■ The Department notified Smith on February 12, 1998 that her operating privilege was scheduled to be suspended for a period of three months pursuant to Section 1786(d) of the Vehicle Code.[2] Smith appealed, alleging the impropriety of a suspension pursuant to 75 Pa.C.S. § 1786 where there was no underlying conviction of the offense. The trial court sustained her appeal and rescinded the suspension based upon its interpretation of *Fine v. Department of Transp., Bureau of Driver Licensing*, 694 A.2d 364 (Pa.Cmwlth.1997). The Department appealed contending the following: (1) the trial court erred because

the Department met the burden of proving Smith's violation; (2) the instant case is distinguishable from *Fine*; and (3) a license suspension pursuant to Section 1786(d) of the Vehicle code is a civil, rather than criminal, action.[3] We agree.

■ In order to sustain a suspension of a licensee's operating privilege pursuant to a violation of Section 1786(d) of the Vehicle Code, the Department must prove the following: the vehicle was required to be registered in the Commonwealth, financial responsibility was not maintained for the vehicle, and licensee operated the vehicle while it was not covered by financial responsibility. *Fine*, 694 A.2d at 367. Here, the Department introduced the testimony of Officer Manno that upon investigation, he discovered that Smith drove her Chevrolet Beretta off the side of a road during a snowstorm on November 15, 1997. Officer Manno further testified that he contacted the insurance carrier named on the expired financial responsibility card presented to him by Smith, and that at the time of her accident, her automobile was not covered.[4]

The trial court held that the Department failed to establish a prima facie case. The

1. Pursuant to Section 1786(f) of the Vehicle Code:

 Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.
 75 Pa.C.S. § 1786(f).

2. Section 1786(d) of the Vehicle Code provides the following:

 The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the own-

er or registrant has operated or permitted the operation of the vehicle without the required financial responsibility ... This subsection shall not apply in the following circumstances:
 (1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
 75 Pa.C.S. § 1786(d).

3. Based upon the issues raised on appeal, our scope of review is limited to determining whether the trial court committed an error of law, an issue over which we exercise plenary review. *Department of Transp., Bureau of Driver Licensing v. Lefever*, 111 Pa.Cmwlth. 105, 533 A.2d 501, 502 (1987).

4. This testimony was admitted without objection and so, although hearsay, may be fully considered as substantive evidence by the trial court.

trial court quotes our decision in *Fine* in support of its order, stating that "[w]hat PennDOT fails to realize is that, like a licensee attempting to argue that he was not properly convicted of an underlying offense as the basis of suspension, it cannot collaterally attack the Court of Common Pleas ... judgment of not guilty." Trial Court opinion, p. 2, *citing Fine*, 694 A.2d at 367.

 In *Fine*, the Department presented evidence that the licensee had pled guilty before a district justice to driving without financial responsibility. The licensee then presented evidence that on appeal, he was acquitted in a trial de novo in the court of common pleas. The Department then attempted to call Fine in rebuttal to establish that the conviction resulted solely from the failure of the arresting officer to appear in court, i.e., to argue that the guilty plea was more factually sound than the subsequent acquittal. This testimony was excluded and the Department ultimately presented no evidence other than the reversed conviction. We affirmed, holding that the Department could not collaterally attack the acquittal, and that the overturned conviction, standing alone, could not be the basis of the Department's prima facie case. Common pleas erred in reading *Fine* to stand for the proposition that any time a licensee is found not guilty of the summary offense of driving without financial responsibility under Section 1786(f), the Department is barred from enforcing the civil penalty mandated by Section 1786(d). As our Superior Court has noted:

> It is well-established that if particular conduct constitutes a crime and is also a ground for civil liability, an acquittal in a

trial for the criminal offense does not bar the institution of a civil action, nor even constitute evidence of innocence in the civil action, upon the rationale that proof must be established beyond a reasonable doubt in the criminal case, while in civil cases, a preponderance of the evidence will suffice.

*Jordan v. Gore*, 288 Pa.Super. 86, 431 A.2d 300, 303 (1981). *Fine* does not in any way alter this well-established principle, but merely holds that the Department must prove the lack of financial responsibility in its civil enforcement proceedings by evidence independent of the criminal charges where those charges have not finally resulted in a guilty plea or verdict.[5]

Here, the Department did present independent evidence that Smith drove her automobile without the required insurance coverage, through the testimony of Trooper Manno, and thus did make out its prima facie case. Unfortunately, common pleas never evaluated the weight or credibility of this testimony because of its misreading of our opinion in *Fine*. Accordingly, we must remand this case for findings of fact and conclusions of law by the trial court.

### *O R D E R*

AND NOW, this 1st day of March, 2000, the order of the Court of Common Pleas of Jefferson County in the above-captioned matter is reversed and the matter is remanded to that court for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

**5.** The trial court also erred in neglecting the rule regarding civil penalties and plea agreements established by this court in *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa.Cmwlth. 105, 533 A.2d 501 (1987). In *Lefever*, this court held that the "mandatory civil penalties of the Vehicle Code are not subject to the terms of a plea agreement arising from related criminal charges." *Id.* at 503. While *Lefever* deals with a license suspension pursuant to a licen-

see's failure to submit to chemical testing, a license suspension pursuant to a licensee's operation of a vehicle without the required financial responsibility is similarly a mandatory civil penalty of the Vehicle Code. Thus, as in *Lefever*, "neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension." *Id.*