Patricia **DUBOLINO**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 2002.

Decided Dec. 31, 2002.

Publication Ordered Feb. 20, 2003.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before LEADBETTER, J., SIMPSON, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of

Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Delaware County that, on a motion for reconsideration filed by DOT, sustained the appeal of Patricia Dubolino from a three-month suspension of her operating privilege.[1]

By official notice dated October 23, 2000, DOT notified Dubolino that, pursuant to Section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d),[2] her driving privilege would be suspended for failure to provide proof of financial responsibility on September 22, 2000, the date of her traffic accident. Dubolino then appealed to the common pleas court, which heard the case *de novo*. At the March 13, 2001, hearing in the matter, the common pleas court indicated that it intended to sustain Dubolino's appeal because her counsel adduced evidence, which was marked as exhibit D–1, that it had previously found Dubolino not guilty of violating Section 1786(f) of the Code, 75 Pa.C.S. § 1786(f), on January 31, 2001.[3] The court then entered an order sustaining her appeal and rescinding her suspension on March 13, 2001. After DOT filed a motion for reconsideration, the common pleas court, on April 9, 2001, vacated its earlier order pending consideration of DOT's motion. Thereafter, on August 21, 2001, common pleas, as previously stated, once again sustained Dubolino's appeal and rescinded her license suspension. Specifically, the court found that the testimony of the Haverford Township police officer who investigated the accident was hearsay to the extent that it concerned his conversation with an insurance agent regarding whether Dubolino had insurance coverage on her vehicle. The court then stated "that accordingly, [DOT] failed to satisfy its burden of proof in order to sustain the suspension of licensee's operating privilege pursuant to 75 Pa.C.S.A., Section 1786(d). *Fine v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 364 (Pa.Cmwlth.1997)." (Common pleas court order dated August 21, 2001).

On appeal to this court, DOT now asks whether the common pleas court erred in its evidentiary rulings and misapprehend-

---

1. By order of this court dated April 24, 2002, Appellee was precluded from filing a brief.

2. Section 1786(d) of the Code provides in part:
   **Suspension of registration and operating privilege.**—The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.
   75  Pa.C.S. § 1786(d).

3. Section 1786(f) of the Code provides:
   **Operation of a motor vehicle without required financial responsibility.**—Any owner of a motor vehicle for which the existence

of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth *without the financial responsibility required* by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.
75  Pa.C.S. § 1786(f).
   With regard to the report of acquittal, the common pleas court stated: "[B]efore you brought this to my attention and the fact that [Dubolino] was found not guilty of this offense, I was prepared to state that there was a prima facie case from the Commonwealth. However, I do accept this—we'll mark D–1 into evidence." Notes of Testimony, N.T., dated March 13, 2001, at 20.

ed DOT's burden of proof in light of this court's holding in *Smith v. Department of Transportation, Bureau of Driver Licensing*, 747 A.2d 1247 (Pa.Cmwlth.2000). In *Smith*, we explained that the common pleas court had "erred in reading *Fine* to stand for the proposition that any time a licensee is found not guilty of the summary offense of driving without financial responsibility under Section 1786(f), [DOT] is barred from enforcing the civil penalty mandated by Section 1786(d)." *Smith*, 747 A.2d at 1250. We further explained that *Fine* "merely holds that [DOT] must prove the lack of financial responsibility in its civil enforcement proceedings by evidence independent of the criminal charges where those charges have not finally resulted in a guilty plea or verdict." *Id.* (footnote omitted.) Because, in *Smith*, DOT presented independent evidence that Smith operated her motor vehicle without the required financial responsibility, through the unobjected-to hearsay testimony of the state trooper who investigated her accident,[4] we held that DOT had established its *prima facie* case. Therefore, in light of common pleas' failure to make credibility determinations and weigh the evidence due to its misreading of *Fine*, we remanded the case to that court for findings of fact and conclusions of law.

In *Richards v. Department of Transportation, Bureau of Driver Licensing*, 767 A.2d 1133, 1135 (Pa.Cmwlth.2001), this court stated that, in order to uphold the suspension of a licensee's operating privilege under Section 1786(d) of the Code, DOT must prove three things: (1) the vehicle was required to have been registered in this commonwealth; (2) financial responsibility was not kept on the vehicle; and (3) the licensee operated the vehicle without financial responsibility. *See also Smith; Fine.*

In the matter *sub judice*, DOT introduced into evidence, without objection, exhibit C–1, which encompassed the notice of Dubolino's suspension, the electronically transmitted report of Dubolino's conviction by a *magistrate* of Section 1786(f), and Dubolino's certified driving history. DOT also adduced the testimony of Haverford Township police officer William Franklin Shields, who testified that he independently verified that the vehicle Dubolino drove was registered to her on September 22, 2000; that Dubolino did not have her insurance information on the date of the accident and, consequently, he issued her a warning notice to produce that information; that, the next day, she came to the Haverford Township Police Department with a copy of her insurance information; that Officer Shields was not on duty, and Dubolino left that information with another officer; and that Officer Shields did not have a copy of that insurance information but did have a declaration page from her insurance agent. N.T., March 13, 2001, at 7–8. Officer Shields also testified that he never saw documentation to show that, on September 22, 2000, the date of her accident, Dubolino had financial responsibility for her vehicle; instead, Dubolino merely produced proof of insurance effective the following day, September 23rd. *Id.* at 8, 13. The common pleas court sustained counsel's hearsay objection to documents from the insurance agent (the declarations page showing that insurance was obtained the day after the accident), as well as

---

4. The trooper testified that he contacted the insurance company listed on Smith's expired financial responsibility card and that, when her accident occurred, her vehicle was not covered by insurance. *Id.* at 1249.

Officer Shields' testimony concerning his conversation with the agent. Further, DOT attempted to introduce, as exhibit C–2, a copy of the report of Dubolino's accident, which was prepared by Officer Shields. Dubolino's counsel, however, likewise objected to the admission of that report as hearsay, and the common pleas court again sustained his objection.[5]

Initially, DOT admits that, by introducing a report of acquittal by the common pleas court of her conviction of violating section 1786(f), Dubolino succeeded in rebutting DOT's *prima facie* case insofar as that case was based on the report of her conviction by a magistrate. (DOT's brief at 12). Nevertheless, DOT contends that it met its *prima facie* case through the credible testimony of Officer Shields. We agree.

Common Pleas focused on the fact that certain documents offered by DOT were excluded from evidence[6] and that neither the insurance agent nor the officer to whom Dubolino handed her proof of insurance was called. It seems to have overlooked the fact that Officer Shields testified, without objection, that on the date of the accident, he requested that Dubolino provide proof of financial responsibility but she was unable to do so, and that although given additional time, she never produced information to establish that the Mustang was insured on the date of the accident; instead she presented proof of insurance effective the day *after* the accident. We believe this testimony, which was not rebutted, permits a reasonable inference that the auto was not insured on the day *of* the accident, and amply satisfies DOT's *prima facie* burden.[7]

Accordingly, we vacate the order of common pleas and remand this case for further proceedings consistent with this opinion.

### ORDER

AND NOW, this 31st day of December, 2002, the order of the Court of Common

---

**5.** In its opinion, the common pleas court noted that it "found that Officer Shields had no firsthand knowledge about whether Defendant's car was or was not insured on September 22, 2000." *Department of Transportation v. Dubolino* (No. 00–10612, filed November 13, 2001), slip op. at 3. Presumably, however, if an automobile is uninsured, no one other than the owner has firsthand knowledge of that fact.

**6.** In light of our disposition of this case, we will not address DOT's argument that the documents were improperly excluded. We note, however, Section 6104 of the Judicial Code, 42 Pa.C.S. § 6104, the official records exception to the hearsay rule, which provides in part:

    **(b) Existence of facts.**—A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

**7.** Any driver involved in an accident involving personal injury or property damage has a statutory duty to provide proof of financial responsibility, upon request, to the investigating police officer at the scene, or at least within five days thereafter. Sections 1786 and 3744(a) of the Code, 75 Pa.C.S. §§ 1786 and 3744(a). As we noted in *Jennings v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 552, 555 (Pa.Cmwlth. 1998), production or non-production of an insurance card does not necessarily prove or disprove coverage on a particular date. However, proof that the owner/operator has failed to comply with these statutory obligations should be sufficient to shift the burden to him or her to establish that the vehicle was, in fact, insured on the date in question.

Pleas of Delaware County in the above captioned matter is hereby VACATED, and the case is REMANDED for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.