**Bradish v. Dep't of Transportation**

*Kathy Marie Bradish,* pro se.
*Joel West Williams,* for Commonwealth.

FORD, J., May 6, 2011—

The Commonwealth of Pennsylvania, Department of Transportation (PennDOT), filed a notice of appeal from an order of this court which order was filed on February 22, 2011. In that order, I granted the appeal of appellant, Kathy Marie Bradish, from PennDOT's suspension of her

driver's license based on her allegedly driving her vehicle without required financial responsibility. As I explain in this opinion, prepared pursuant to Pa.R.A.P. 1925(a), the appeal lacks merit and should be dismissed.

On May 14, 2010, a police officer made a traffic stop of the vehicle driven by appellant. The officer asked appellant to produce proof that the vehicle was insured. Appellant provided the officer with documentation of her insurance. However, when the officer attempted to verify the insurance information provided by appellant, his computer indicated that the appellant's insurance had lapsed. The officer issued a citation to appellant for operating her vehicle without required financial responsibility in violation of 75 Pa.C.S. § 1786(f).

By letter dated July 19, 2010, PennDOT notified appellant that her driving privileges in the Commonwealth were to be suspended for three months beginning on August 23, 2010, based on her violation of 75 Pa.C.S. § 1786(f).

On August 16, 2010, appellant filed a "petition for appeal from a suspension of operating privileges/denial of driver's license/suspension of motor vehicle registration." Through this petition, appellant argued that PennDOT's suspension of her driving privileges was improper because, contrary to PennDOT's determination, appellant had insurance on her car on May 14, 2010.

I conducted a hearing on the merits of appellant's appeal on February 14, 2011. At the hearing, appellant was the

only person who testified. Both appellant and counsel for PennDOT submitted documents into evidence.

On February 22, 2011, I entered an order (the one which is now appealed) granting the appeal and ordering that appellant's driving privileges remain intact.

On March 21, 2011, PennDOT filed this appeal to the Commonwealth Court of Pennsylvania. Through this appeal, PennDOT challenges the order I entered on February 22, 2011, granting appellant's appeal from her license suspension.

In response to an earlier order, PennDOT filed its concise statement of errors complained of on appeal (concise statement) pursuant to Pa.R.A.P. 1925(b) on April 8, 2011.

By order dated April 14, 2011, I directed PennDOT to pay the court reporter the estimated cost of transcribing the notes of testimony from the February 14 hearing by May 2, 2011.

As of the date of this opinion, PennDOT has not paid for transcription of the February 14 hearing. By failing to make payment for transcription, PennDOT has made appellate review impossible and has waived all issues on appeal. See *Smith v. Smith*, 637 A.2d 622 (Pa. Super. 1993); and *Gorniak v. Gorniak*, 504 A.2d 1262 (Pa. Super. 1986). For this reason, PennDOT's appeal should be dismissed.

In the event the Commonwealth Court declines to dismiss this appeal due to PennDOT's failure to pay for

the transcript, I turn to the issues raised in PennDOT's concise statement.

In its concise statement, PennDOT first contends that I "erred in sustaining [appellant's] appeal where [PennDOT] established its prima facie case, and [appellant] did not produce clear and convincing evidence that the vehicle was insured at the time it was operated." This contention lacks merit.

The Commonwealth Court addressed the respective burdens of proof on parties at a hearing on an appeal from a suspension of a driver's license.

[T]o meet its burden of proof where a licensee has appealed a license suspension..., [PennDOT] must establish that the vehicle is one which must be registered, that financial responsibility was not secured or maintained, and that the licensee operated the vehicle while it was not covered by financial responsibility.

*Fine v. Department of Transportation*, 694 A.2d 364, 367 (Pa.Cmwlth. 1997).

Once PennDOT satisfies its burden of proving a prima facie violation, the burden shifts to the licensee to prove, by "clear and convincing evidence," the vehicle was insured at the time it was driven. *Capone v. Department of Transportation*, 875 A.2d 1228, 1231 (Pa.Cmwlth. 2005) (citations omitted).

At the hearing on February 14, 2011, PennDOT presented evidence to establish a prima facie violation of

75 Pa.C.S. § 1786 by appellant. Specifically, PennDOT submitted into evidence exhibit C-1 which contained a certified copy of the docket in Lehigh County summary case SA-266-2010 against the appellant stemming from her alleged failure to produce proof of financial responsibility on May 14, 2010. The docket indicates that Magisterial District Judge Jacob E. Hammond found appellant guilty of violating 75 Pa.C.S. § 1786(f) after a summary offense trial. See *Capone v. Department of Transportation*, 875 A.2d at 1231, as to the sufficiency of such evidence for prima facie proof purposes. This proof of conviction before the magisterial district judge was the extent of PennDOT's evidence.

However, appellant presented clear and convincing evidence at the February 14 hearing that her vehicle was insured on May 14, 2010. Appellant submitted into evidence a copy of an order from the appeal of her summary conviction to the Lehigh County Court of Common Pleas. The order was dated November 24, 2010, and was signed by the Honorable James T. Anthony. In the order, Judge Anthony found appellant not guilty of operating her vehicle without insurance, thereby reversing appellant's summary conviction in case SA-266-2010. Although this order was received on the record at the February 14 hearing, it was not marked. I subsequently marked this exhibit as R-1. Additionally, I took judicial notice of Judge Anthony's order. See Pa.R.E. 201.

In *Fine v. Department of Transportation*, 694 A.2d 364 (Pa. Cmwlth. 1997), the Commonwealth Court addressed

a situation similar to the one at hand. In *Fine*, PennDOT suspended the driver's license of a licensee based on the licensee's entry of a guilty plea to a violation 75 Pa.C.S. § 1786 before a magisterial district judge. However, the licensee later appealed the summary conviction to the Court of Common Pleas of Allegheny County and was found not guilty there. The licensee then appealed his license suspension. At the license suspension appeal hearing, PennDOT relied on the record of the summary conviction to demonstrate that the licensee operated his vehicle without financial responsibility. In rebuttal, the licensee presented documentation that this summary conviction was reversed by the Allegheny County Court of Common Pleas. After the court of common pleas denied the licensee's license suspension appeal, the licensee filed an appeal to the Commonwealth Court. The Commonwealth Court reversed the trial court and stated the following:

> Although PennDOT's initial submission of [the] records [from the district court] may have met its burden to establish a [summary] conviction [under 75 Pa.C.S. § 1786], it is a rebuttable presumption; Licensee's submission of a certified copy of the appeal is sufficiently clear and convincing to rebut the presumption of a conviction. ... *PennDOT did not meet its ultimate burden of proof because the presumption of a conviction was sufficiently rebutted by the record of the not guilty judgment in the Court of Common Pleas.... Id.* at 367 (emphasis added).

Here, as in *Fine*, PennDOT's evidence that appellant

operated her vehicle without required financial responsibility was a certified record from the magistrate judge's level of her summary conviction for a violation of 75 Pa.C.S. § 1786. However, the appellant sufficiently rebutted PennDOT's evidence by presenting a copy of Judge Anthony's order from her appeal of the summary conviction in which the judge found her not guilty of the offense. I properly took judicial notice of this acquittal which is reflected in the court record. Thus, under the precedent of *Fine*, I acted properly in granting appellant's appeal.

As to the second issue raised on appeal, PennDOT, in its concise statement, asserts that the court "erred in admitting evidence over [PennDOT's] objections." I do not know what is being contested in this vague statement. The Superior Court of Pennsylvania has stated the following:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (quoting *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001)).

Because the aforementioned statement is vague, PennDOT has waived this issue on appeal.

For all of the reasons stated above, I acted properly in granting appellant's appeal from her license suspension. Therefore, this appeal should be dismissed.