IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Joseph Zukos,                     :
                          Appellant       :
                                          :
              v.                          :  No. 667 C.D. 2018
                                          :  Submitted: March 29, 2019
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing                :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: August 2, 2019

        Stanley Joseph Zukos (Licensee) appeals an order of the Court of
Common Pleas of Luzerne County (trial court) that, following remand, dismissed
his appeal of a three-month suspension of his driver's license imposed by the
Department of Transportation, Bureau of Driver Licensing (PennDOT). The trial
court held that Licensee failed to establish grounds for a *nunc pro tunc* acceptance
of his untimely appeal. Licensee argues that the trial court erred in so holding. We
affirm.

        In *Zukos v. Department of Transportation, Bureau of Driver Licensing*
(Pa. Cmwlth., No. 372 C.D. 2017, filed March 15, 2018), PennDOT appealed the
trial court's reversal of its three-month suspension of Licensee's driver's license.
PennDOT argued that the trial court erred in deciding the merits of Licensee's appeal
because it was untimely filed; further, the record evidence did not warrant a *nunc
pro tunc* appeal. We agreed. Accordingly, we vacated the trial court's order

sustaining Licensee's statutory appeal and remanded for a hearing on whether Licensee was entitled to appeal *nunc pro tunc*.

The trial court held the remand hearing on April 26, 2018. Licensee testified that since 1985 he has owned and operated Groundworks Lawn Maintenance and Landscape Service (Groundworks). Groundworks has two GMC diesel trucks registered in its name. On September 24, 2010, Licensee assigned his crew chief to one of the trucks. When the truck did not start, the crew chief took it upon himself to use another truck, which was uninsured. Later that day, the uninsured truck was involved in a traffic accident. Licensee asserted that the crew chief lacked permission to use this truck, which is used only for snowplowing. Accordingly, it is not insured during the summer months.

On October 8, 2010, Licensee was cited for operating a vehicle without financial responsibility, in violation of Section 1786(f) of the Vehicle Code.[1] Before the magisterial district judge, Licensee argued that the uninsured truck was registered to Groundworks, not to him. The magisterial district judge found Licensee guilty and imposed a fine, which Licensee paid. Licensee did not appeal.

Thereafter, Licensee received two notices from PennDOT. The first, dated January 20, 2011, was addressed to Groundworks and suspended the truck's registration for three months.[2] The second, dated January 21, 2011, was addressed

---

[1] It provides:

> Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa. C.S. §1786(f).

[2] No appeal was taken from the registration suspension.

2

to Licensee and notified him that his driving privileges were suspended for three months, for failing to provide financial responsibility for Groundworks' truck.

Licensee explained his confusion. The notices "referr[ed] to something that [he] had already done before the [magisterial district judge] and paid a fine for." Notes of Testimony, 4/26/2018, at 21 (N.T. __); Reproduced Record at 50a (R.R. __). The magisterial district judge "said nothing about any kind of suspension." *Id.* He thought the two notices involved "the same thing." *Id.* He "had questions" and made an appointment to see his lawyer. *Id.* Licensee advised, "[i]t does take time [to get an appointment and he] got in as quickly as [he] possibly could." N.T. 25; R.R. 51a. He met with his lawyer either Thursday, February 17 or Friday, February 18. He "left it to [the lawyer's] judgment what should be done." *Id.* Ultimately, his lawyer filed the appeal on February 24, 2011.

Licensee's suspension notice had a mailing date of January 21, 2011, the 30-day appeal period expired on Sunday, February 20, 2011, and Monday, February 21, was President's Day, a court holiday.[3] The trial court concluded that Licensee had until Tuesday, February 22, to timely appeal.

The trial court found Licensee's confusion irrelevant because it was not the cause of the delay in filing his appeal. Licensee met with his lawyer prior to the expiration of the 30-day period, but he did not appeal until one week later. Licensee

---

[3] Pennsylvania courts adhere to the following rules for computation of time in civil actions:

> (a) When any period of time is referred to in any rule, such period in all cases … shall be so computed as to exclude the first and include the last day of such period.

> (b) Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

PA. R.C.P. No. 106.

offered no explanation for the delay. Accordingly, Licensee failed to meet the standard for a *nunc pro tunc* appeal.

In his appeal to this Court Licensee raises one issue.[4] Licensee argues the trial court erred because he was misled by PennDOT's decision to send two notices, one addressed to him and the other to Groundworks. Licensee contends PennDOT's confusing notice effected a "non-negligent administrative breakdown, that is unique, compelling and obviously unforeseeable that requires the *nunc pro tunc* appeal to be granted." Licensee Brief at 5.

PennDOT responds that Licensee did not meet his burden for *nunc pro tunc* relief because prior to the expiration of the appeal period, he met with his attorney, who appealed two days after the expiration of the 30-day appeal period. PennDOT disputes Licensee's claim that its notices were confusing.

Generally, a licensee has 30 days from the mailing date of the notice of suspension to file an appeal to the trial court. 42 Pa. C.S. §5571(b). Failure to file an appeal within the 30-day period deprives the court of common pleas of subject matter jurisdiction over the appeal. *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Nevertheless, jurisdiction may be extended in extraordinary circumstances:

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in

---

[4] Our review of an order allowing an appeal *nunc pro tunc* determines whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Driver Licensing v. Kruc*, 557 A.2d 443, 445 n.6 (Pa. Cmwlth. 1989). Abuse of discretion represents "a manifestly unreasonable exercise of judgment, or a final result that evidences partiality, prejudice, bias, or ill will." *Centrum Prime Meats, Inc. v. Pennsylvania Liquor Control Board*, 455 A.2d 742, 745 (Pa. Cmwlth. 1983) (citing *Mielcuszny v. Rosol*, 176 A. 236, 237 (Pa. 1934)).

which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. *Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.*

*Id.* (internal citations omitted) (emphasis added). *See also Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008) (a late appeal must relate to "non-negligent circumstances.").

In sum, an appeal *nunc pro tunc* is permitted where a licensee shows: (1) the licensee's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the licensee or the licensee's counsel; (2) the licensee filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Id.* at 348 (citing *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001)).

We agree with the trial court that Licensee's "confusion" did not affect his ability to file a timely appeal. He understood that PennDOT was going to suspend his license and that he had 30 days to appeal. The confusion derived from his misunderstanding that the matter closed upon his payment of a fine. The magisterial district judge "said nothing about any kind of suspension." N.T. 21; R.R. 50a. As PennDOT notes, a licensee convicted of a summary offense "does not have to be warned of the collateral consequences of license suspension" that may result from the conviction. *Commonwealth v. Duffey*, 639 A.2d 1174, 1177 (Pa. 1994). The suspension of a license is civil in nature.

Licensee suggests that PennDOT acted improperly by sending two notices, which he describes as "conflicting." Licensee Brief at 8. Conversely, in his testimony he claimed to believe both notices involved "the same thing." N.T. 21; R.R. 50a. The two notices were not conflicting, and they involved the "same thing."

5

One suspended the vehicle's registration, the other suspended Licensee's driver's license, as required by Section 1786(d)(1) of the Vehicle Code, which states as follows:

> [PennDOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and *shall suspend the operating privilege of the owner or registrant for a period of three months if* [it] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. §1786(d)(1) (emphasis added).[5]  PennDOT's notices were required by law.

That the notices may have confused Licensee is irrelevant, because confusion did not cause the appeal to be untimely.  Licensee met with his lawyer on February 17 or February 18, prior to the expiration of the appeal period, however, the appeal was not filed until February 24, 2011, two days late.  Licensee offered no evidence to establish the delay was caused by non-negligent conduct.

We hold that the trial court did not err in holding Licensee failed to satisfy his burden of proof to proceed *nunc pro tunc*.  Accordingly, the order of the trial court is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] In *Fine v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 364, 367 n.7 (Pa. Cmwlth. 1997), we explained that "[a]lthough a suspension under Section 1786(d) is not based on a conviction, the elements of the offense stated in Section 1786(f) are the same facts PennDOT must establish under Section 1786(d)."  As such, a licensee's conviction under Section 1796(f) satisfies PennDOT's burden of proof to support a license suspension under Section 1786(d).  *Id*. at 367.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Joseph Zukos,     :
     Appellant    :
            :
    v.       : No. 667 C.D. 2018
            :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing    :

# **O R D E R**

AND NOW, this 2nd day of August, 2019, the order of the Court of Common Pleas of Luzerne County, dated May 4, 2018, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge