Charles R. LEEK

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 1999.

Decided Feb. 9, 2000.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau) appeals from the February 11, 1999 order of the Court of Common Pleas of Allegheny County (trial court) that sustained the statutory appeal of Charles R. Leek (Licensee).[1] We vacate the order of the trial court and remand for further proceedings.

On April 28, 1998, Licensee was involved in a motor vehicle accident. At that time, Officer Jeffrey Allias of the Township of McCandless responded to the scene of the accident. Officer Allias requested to see Licensee's proof of financial responsibility pursuant Section 1786(a) of the Vehicle Code (Code).[2] Since Licensee could not provide Officer Allias with proof of financial responsibility at that time, Officer Allias allowed Licensee five days in which to submit proof of insurance. Licensee failed to provide the requested information to Officer Allias.

Thereafter, on June 16, 1998, the Bureau issued a notice of suspension to Licensee pursuant to Section 1786(d) of the Code,[3] suspending his operating privilege for a period of three months for his failure to produce proof of financial responsibility. Licensee appealed the suspension to the trial court.

The trial court held a *de novo* hearing on the matter on February 11, 1999. At that time, the Bureau introduced into evidence Commonwealth Exhibit 1, which contained the Bureau's June 16, 1998 notice of suspension to Licensee and an electronic transmission from the district justice indicating that Licensee was found guilty on June 8, 1998 of violating Section 1786(f) of the Code.[4,5]

---

1. On October 12, 1999, Senior Judge Ross of this Court issued an order directing that Licensee either file a brief with the Court on or before October 26, 1999 or be precluded from doing so. Licensee failed to submit a brief and, therefore, is precluded from participating in this appeal.

2. Section 1786(a) of the Code mandates that every motor vehicle required to be registered in the Commonwealth that is operated or currently registered be covered by financial responsibility. 75 Pa.C.S. § 1786(a).

3. Section 1786(d) of the Code, provides that [t]he Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without financial responsibility.... 75 Pa.C.S. § 1786(d).

4. Section 1786(f) of the Code provides that

[a]ny owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.
75 Pa.C.S. § 1786(f).

5. However, Licensee also appealed the district justice's determination that he violated Section 1786(f) of the Code to the trial court. *See* Pa. R.Cr.P. No. 86 (relating to appeals of summary proceedings). Licensee was adjudicated not guilty of the offense on October 14, 1998.

The Bureau also presented the testimony of Officer Allias. Officer Allias stated that upon his arrival at the scene, he asked who the operators of the vehicles were and that Licensee identified himself as one of the operators. Officer Allias stated that he came to the conclusion that Licensee was the owner of the vehicle because Licensee produced a temporary registration card, or "pink slip," and stated that he was the owner of the vehicle. Because Licensee did not have proof of financial responsibility with him at that time, Officer Allias allowed Licensee five days to produce proof of insurance coverage. Officer Allias further testified that because Licensee failed to submit proof of financial responsibility within five days, he issued a citation to Licensee under Section 1786(f) of the Code. Finally, Officer Allias testified that upon further investigation, he discovered that the vehicle only had collision insurance and not liability insurance.

The Bureau then attempted to call Licensee as a witness in its case-in-chief. Licensee's counsel objected, arguing that the Bureau had to establish by independent evidence that Licensee was the owner of the vehicle. The trial court sustained the objection. The Bureau then concluded its case-in-chief. Licensee submitted no evidence in his defense.

The trial court sustained Licensee's appeal, concluding that the Bureau failed to establish independent proof of ownership of the vehicle in question. This appeal followed.

▇▇▇▇ The Bureau raises two issues for our review: 1) whether the trial court erred as a matter of law when it refused to allow the Bureau to call Licensee as a witness in its case-in-chief and 2), whether the trial court erred in determining that there was insufficient evidence to establish

that Licensee was the owner or registrant of a vehicle that was operated in violation of Section 1786(f) of the Code. On review, we are limited to determining whether the trial court committed an error of law or abused its discretion or, whether the necessary findings of fact are supported by competent evidence. *Dillon v. Department of Transportation, Bureau of Driver Licensing,* 679 A.2d 291 (Pa.Cmwlth. 1996).[6]

▇▇▇ In its first argument on appeal, the Bureau maintains that the trial court erred as a matter of law when it refused to allow Bureau counsel to call Licensee as a witness in its case-in-chief. We agree.

Section 5935 of the Judicial Code provides that

> [i]n any civil action or proceeding, whether or not it is brought or defended by ... a party to the record, or a person for whose immediate benefit such proceeding is prosecuted or defended, ... or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examination, subject to the rules of evidence applicable to witnesses under cross-examination, and the adverse party calling such witnesses shall not be concluded by his testimony, but such person so cross-examined shall become thereby a fully competent witness for the other party as to all relevant matters whether or not these matters were touched upon in his cross-examination.

42 Pa.C.S. § 5935.

Furthermore, Section 5941(a) of the Judicial Code provides as follows:

> (a) **General rule.**—Except defendants actually upon trial in a criminal proceeding, any competent witness may be com-

---

**6.** To meet its burden of burden of proof where a licensee has appealed a license suspension pursuant to Section 1786(d) of the Code, the Bureau must establish that the vehicle is one which must be registered, that financial responsibility was not secured or maintained, and that the licensee operated the vehicle while it was not covered by financial responsibility. *Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364 (Pa. Cmwlth.1997).

pelled to testify in any matter, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to incriminate him; nor may the neglect or refusal of any defendant, actually upon trial in a criminal proceeding, to offer himself as a witness, be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial.

42 Pa.C.S. § 5941(a).[7]

Although not directly on point with the instant case, this Court's recent decision in *Fine* illustrates that the Bureau may call Licensee as a witness in its case-in-chief. In *Fine*, the licensee was cited for operating a vehicle without the required financial responsibility under Section 1786(f) of the Code. Fine pled guilty and was convicted of the offense before a district justice and sentenced to a fine of $300.00. Thereafter, the Bureau notified Fine that his operating privilege was going to be suspended for three months under Section 1786(d) of the Code for failing to produce proof of financial responsibility. Fine then filed a statutory appeal with the court of common pleas.

At the *de novo* hearing before the court of common pleas, the Bureau attempted to introduce a certified copy of the record of conviction from the district justice. Fine objected, offering an order from the court of common pleas adjudicating him not guilty of the offense. The court of common pleas in *Fine* ruled that the Bureau had met its *prima facie* case and offered Fine the opportunity to testify on his own behalf. Fine chose not to testify.

The Bureau then attempted to call Fine as a rebuttal witness; however, the court of common pleas refused to allow it. The court of common pleas found that the Bureau established its *prima facie* case based on the district justice's conviction and that therefore, the burden shifted to Fine to

demonstrate that he fell within one of the exceptions to Section 1786(d) of the Code. Concluding that Fine failed to establish that he fell within one of the exceptions, the court of common pleas dismissed Fine's appeal and reinstated the suspension. Fine appealed to this Court.

On appeal in *Fine,* we noted that the Bureau could not meet its burden of proof by submitting the conviction of the district justice because that conviction was reversed by the "not guilty" verdict in the court of common pleas. In addressing the Bureau's argument that it was entitled to call Fine as an adverse witness, we stated as follows:

Even if the record of the district justice was insufficient to meet its burden of proof, [the Bureau] argues it was entitled to call [Fine] to testify as an adverse witness. Because any competent witness, except the defendant in a criminal proceeding, may be compelled to testify pursuant to 42 Pa.C.S. § 5941(a), [the Bureau] could have called [Fine] to testify in *its case in chief* or in proper rebuttal. [The Bureau] failed to call [Fine] in its case in chief and his testimony was not proper rebuttal.

*Fine,* 694 A.2d at 367 (emphasis added).

While we ultimately reversed the court of common pleas in *Fine,* that case serves to illustrate that the Bureau is entitled to call any witness, adverse or otherwise, to sustain its burden of proof. Thus, it is evident that the law of this Commonwealth allows the Bureau the discretion to call Licensee as an adverse witness in its case-in-chief. *See also Gaul v. Consolidated Rail Corp.,* 383 Pa.Super. 250, 556 A.2d 892 (1989)(a witness may be called as on cross-examination when his interest is adverse to the party calling upon him to testify. The interest of the witness to be cross-examined must be involved in the suit in the sense that the judgment would operate on the witness' legal rights and

---

**7.** Additionally, the recently adopted Pennsylvania Rules of Evidence provide that a party may call an adverse party as a witness and

may interrogate that witness by use of leading questions. Pa. R.E. 611(c).

liabilities and that the interest in question would be promoted by the success of the adversary to the party calling the witness).

Based upon the foregoing, we conclude that the trial court erred as a matter of law when it refused to allow the Bureau to call Licensee as a witness in its case-in-chief. Accordingly, the February 11, 1999 order of the trial court sustaining Licensee's statutory appeal is vacated, and the matter is remanded to the trial court for the limited purpose of allowing the Bureau to call Licensee as an adverse witness in its case-in-chief.[8]

## ORDER

AND NOW, this 9th day of February, 2000, it is hereby ordered that the February 11, 1999 order of the trial court sustaining Licensee's statutory appeal is vacated and the matter is remanded to the trial court for the limited purpose of allowing the Bureau to call Licensee as an adverse witness in its case-in-chief.

Jurisdiction relinquished.

Judge SMITH dissents.

8. Since we conclude that the trial court committed an error of law by refusing the Bureau the opportunity to call Licensee as a witness and remand for further proceedings, we need not address the Bureau's second argument on appeal, that the trial court erred in determining that there was insufficient evident to establish that Licensee was the owner or registrant of a vehicle that was operated in violation of Section 1786(f) of the Code.