**Edmund F. McKEOWN, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 3, 2004.

Decided Dec. 7, 2004.

Publication Ordered March 4, 2005.

---

Mark S. Love, Tannersville, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

Edmund F. McKeown (Licensee) appeals from an order of the Court of Common Pleas of Monroe County (trial court) denying his statutory appeal of a one-year suspension of his driver's license. The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) suspended Licensee's operating privileges after his conviction of violating the New Jersey statute prohibiting driving while intoxicated (DWI).[1] It was Licensee's first offense. The license suspension was imposed in accordance with 75 Pa.C.S. §§ 1532(b)(3)[2] and 1581, Article IV.[3] For the reasons set forth herein, we affirm.

1. N.J.S.A. 39:4–50(a).

2. 75 Pa.C.S. § 1532(b)(3) provides in pertinent part:

    **(b) Suspension.—**
    (3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3733 (relating to fleeing or attempting to elude police officer) or a substantially similar offense reported to the department under Article III of section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on section 3733.

3. 75 Pa.C.S. § 1581, Article IV provides:

    Effect of Conviction
    (a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

    (1) manslaughter or negligent homicide resulting from the operation of a motor vehicle;
    (2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;
    (3) any felony in the commission of which a motor vehicle is used; or
    (4) failure to stop and render aid in the event of a motor vehicle accident resulting in the death or personal injury of another.
    (b) As to other convictions, reported pursuant to Article III, the licensing authority in the home state shall give such effect to the conduct as is provided by the laws of the home state.
    (c) If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party state shall construe the denominations and descriptions appearing in subdivision (a) of this article as being applicable to and identifying those offenses or violations of a sub-

On January 9, 2003, Licensee was charged with DWI in the State of New Jersey, and he was convicted on July 9, 2003. New Jersey is a party to the Driver License Compact of 1961. *See* N.J.S.A. §§ 39:5D–1–39:5D–3. Pursuant to Article III of the Compact, the New Jersey Division of Motor Vehicles reported Licensee's conviction to the Department. On November 21, 2003, the Department notified Licensee that his operating privilege was suspended for one year, as required by 75 Pa.C.S. §§ 1532(b)(3) and 1581, Article IV. On December 19, 2003, Licensee filed a timely statutory appeal of that suspension.

At the *de novo* hearing before the trial court on March 19, 2004, Licensee argued that his license suspension violated equal protection. The Act of September 30, 2003, P.L. 120, No. 24 (Act 2003–24),[4] reduced the civil sanction for a first time DWI conviction; it does not require the Department to impose a one-year suspension of driving privileges as a result of this conviction.[5] Licensee contended that it would violate equal protection were his license to be suspended simply because his conviction occurred before the effective date of the Act 2003–24. The trial court concluded that

> the amendments to 75 Pa.C.S.A. § 3804, effective February 1, 2004, have no ap-

plicability to a New Jersey conviction occurring on July 9, 2003, nor a Notice of Suspension dated November 21, 2003, and ... that the Commonwealth has met the due process requirements articulated by our Supreme Court in *Harrington v. Commonwealth of Pennsylvania, Department of Transportation*, 563 Pa. 565, 763 A.2d 386 (2000).

Order of April 15, 2004. The trial court dismissed Licensee's appeal, and Licensee appealed to this Court.

On appeal,[6] Licensee raises one issue. Licensee asserts that he has been deprived of the equal protection of the laws guaranteed by the U.S. and Pennsylvania Constitutions. U.S. Const. amend. XIV; Pa. Const., Art. 1, §§ 1, 26. He argues that Act 2003–24 has established disparate treatment of similarly situated persons as of its effective date of February 1, 2004. He explains that those convicted of an out-of-state DWI before the effective date of Act 2003–24 are subject to a license suspension, but those convicted of the same offense after that date are not so burdened. To highlight his claim of disparate treatment, Licensee offers the following hypothetical: Assume two Pennsylvania drivers are arrested for a first time DWI offense on the same day, prior to the

---

stantially similar nature and the laws of such party state shall contain such provisions as may be necessary to ensure that full force and effect is given to this article.

**4.** Act 2003–24 amended Titles 18 (Crimes and Offenses, 42 (Judiciary and Judicial Procedure) and 75 (Vehicles) of the Pennsylvania Consolidated Statutes. It related to such matters as the definition of impairment due to alcohol or controlled substances; the maintenance of Department records; and investigation by police officers. Section 16 of Act 2003–24 is titled Driving After Imbibing Alcohol or Utilizing Drugs, 75 Pa.C.S. §§ 3801–3817.

**5.** 75 Pa.C.S. § 3804(e)(2)(iii) provides:

There shall be no suspension for an ungraded misdemeanor under Section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offenses.

**6.** The standard of review is limited to whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Touring v. Department of Transportation, Bureau of Driver Licensing*, 712 A.2d 349, 350 n. 3 (Pa.Cmwlth.1998). The scope of review on issues of law is plenary. *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155, 1158 (2000).

effective date of Act 2003–04. Driver No. 1 is convicted on January 31, 2004, and his license is suspended; Driver No. 2 is convicted on February 1, 2004, and he keeps his license. Indeed, Licensee postulates that a driver convicted of a DWI prior to February 1, 2004, could withdraw his guilty plea and enter a new plea after February 1 to "reap the benefits of the new law." Licensee's Brief at 11.

The Department counters that Licensee misreprehends the change in the law. The General Assembly included a number of "savings provisions" that dealt with violations of statutory provisions occurring prior to the February 1, 2004, the effective date of Chapter 38. Section 21 of Act 2003–24 provides as follows:

(1) The repeal of 18 Pa.C.S. § 7513 shall not affect offenses committed prior to February 1, 2004.

(2) The repeal of 18 Pa.C.S. § 7514 and 75 Pa.C.S. § 3731 shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.

(3) An individual sentenced under 18 Pa. C.S. § 7514 or 75 Pa.C.S. § 3731 shall be subject to administrative and civil sanctions in effect on January 31, 2004.

(4) *An individual sentenced under 75 Pa.C.S. Ch. 38 shall be subject to administrative and civil sanctions under this act.*

(5) The following apply to offenses committed before February 1, 2004:

(i) Except as set forth in subparagraph (ii) or (iii), this *act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.*

(ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.

(iii) Subparagraph (i) does not apply to the following provisions:

(A) The amendment of 42 Pa.C.S. § 7003(5) in section 3 of this act.

(B) The amendment of 75 Pa.C.S. § 1516(c) and (d).

(C) The amendment of 75 Pa.C.S. § 1534(b).

(D) The amendment of 75 Pa.C.S. § 1547(d) in section 9.1 of this act.

(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act.

(emphasis added). Under Section 21, the date of *conviction* is irrelevant; rather, it is the date the offense was *committed* that determines the applicability of the new reduced sanction for first time DWI offenses. The civil and criminal sanctions for offenses committed prior to February 1, 2004, survive after February 1, 2004.

■ Licensee has a heavy burden to show that Act 2003–24 "clearly, palpably and plainly" violates the constitution. *Commonwealth v. Sutley,* 474 Pa. 256, 260–61, 378 A.2d 780, 782 (1977). As has been explained by our Supreme Court,

There is, of course, a presumption of constitutionality attaching to any lawfully enacted legislation. Should the constitutionality of such legislation be challenged, the challenger must meet the burden of rebutting the presumption of constitutionality by a clear, palpable, and plain demonstration that the statute violated a constitutional provision.

*James v. Southeastern Pennsylvania Transportation Authority,* 505 Pa. 137, 142, 477 A.2d 1302, 1304 (1984).

■■■ The starting point for an equal protection challenge is whether the State has created a classification for the unequal distribution of benefits or burdens. *Commonwealth v. Parker White Metal Co.*, 512 Pa. 74, 84, 515 A.2d 1358, 1363 (1986). If there is no unequal distribution in the statute, then equal protection is not implicated. Even assuming that Act 2003–24 creates disparate burdens, however, the statute does not affect a fundamental right. Driving is a privilege, and even Licensee concedes that such legislation must be analyzed under the rational relationship test. *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 635 A.2d 124 (1993). The rational relationship test is a two-step process. The first step is to consider whether the challenged statute seeks to promote any legitimate state interest; the second step is to determine whether the statute is reasonably related to the articulated state interest. *Plowman*, 535 Pa. at 319, 635 A.2d at 126–127. As long as the General Assembly has acted neither arbitrarily nor capriciously, the rational relationship is satisfied. *Id.* at 319, 635 A.2d at 127.

Licensee concedes the first step in the equal protection analysis. He admits that Pennsylvania has a legitimate interest in "punishing drunk drivers." However, Licensee insists that the application of the amended statute only to those *convicted* of a DWI after February 1, 2004, leads to the "irrational results" of "treating people in the same class who share the same offense date completely differently." Licensee's Brief at 10. There are several flaws to this argument.

First, Licensee argues from a false premise. He asserts that the treatment of licensed drivers differs depending upon when the licensee was first convicted of DWI. In fact, the reduction in the sanction for a first-time offense depends upon when the violation *occurred*.[7] As explained above, the date of conviction is irrelevant. All drivers charged prior to February 1, 2004, will be treated alike, regardless of the date of their respective convictions. Therefore, there is no disparate treatment, and an equal protection claim fails in the absence of disparate treatment. *Department of Transportation v. McCafferty*, 563 Pa. 146, 758 A.2d 1155, 1162 (2000).

However, if we understand the classification to mean those licensees who commit a DWI offense before February 1, 2004, and those who commit a DWI offense after February 1, 2004, Licensee's equal protection claim still fails. The fact that the General Assembly made a policy choice to decrease the civil sanctions imposed for first-time offenders who violate the lowest tier of the new three-tiered DUI offenses on or after February 1, 2004, does not implicate equal protection. *Cf. Lehman v. Pennsylvania State Police*, 576 Pa. 365, 839 A.2d 265 (2003) (equal protection did not entitle petitioner to a reduced penalty when the severity of the crime for which petitioner was convicted was changed after his conviction).

■■■ Licensee committed his New Jersey DWI offense more than a year before the effective date of the amendments, and he was convicted for that offense before the statutory change was enacted, let alone

---

7. Licensee is, in fact, simply advocating a retroactive application of the penalty provisions of the statutory amendments to permit DWI first offenders to avoid license suspension. The Rules of Statutory Construction include a presumption against retroactive effect, unless "clearly and manifestly so intend- ed by the General Assembly." 1 Pa.C.S. § 1926. The Legislature has made it abundantly clear within the savings provisions of the amendments to the Vehicle Code that it does not intend a retroactive application of the penalty provisions.

effective. Licensee was treated the same as any other Pennsylvania-licensed driver who committed his first offense prior to February 1, 2004. If Licensee were correct in his understanding of the Equal Protection Clause, the legislature could never reduce, or raise, penalties in a statutory scheme.[8]

Under the provisions of Article IV(a)(2) of the Driver's License Compact, 75 Pa. C.S. § 1581 (Compact), Licensee's January 9, 2003, New Jersey DWI offense had to be treated as if that offense was committed in Pennsylvania. *Wroblewski v. Department of Transportation, Bureau of Driver Licensing,* 570 Pa. 249, 253, 809 A.2d 247, 250 (2002). At the time Licensee violated the New Jersey DWI statute, Licensee's New Jersey conviction was for an offense to be substantially similar to Article IV(a)(2) of the Compact and to 75 Pa.C.S. § 3731(a). *Scott v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 631, 638, 790 A.2d 291, 295 (2002). Thus, Licensee's conviction on July 9, 2003, was to be treated as if it were a conviction for violating the 75 Pa.C.S. § 3731(a). *Petrovick v. Department of Transportation, Bureau of Driver Licensing,* 559 Pa. 614, 621–22, 741 A.2d 1264, 1268 (1999).

Accordingly, we affirm the decision of the trial court.

**ORDER**

AND NOW, this 7th day of December, 2004, the order of the Court of Common Pleas of Monroe County dated April 14, 2004 in the above-captioned matter is hereby affirmed.

---

8. Further, the wisdom of the legislature's decision to revisit the sanctions for a DUI offense is beyond our purview. As observed by the Pennsylvania Supreme Court,

Where the statutory scheme is clear in its meaning and effect ... judicial speculation regarding the harshness, consistency, or social desirability of the policy underlying it is not warranted.

*Commonwealth v. Bursick,* 526 Pa. 6, 16, 584 A.2d 291, 296 (1990).