Josh Paul PANGALLO

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2013.
Decided April 18, 2013.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

BEFORE: PELLEGRINI, President Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY President Judge PELLEGRINI.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals from an order of the Court of Common Pleas of Jefferson County (trial court) sustaining the appeal of Josh Paul Pangallo

(Licensee) from a three-month suspension of his operating privilege for failure to maintain the required financial responsibility under the Motor Vehicle Financial Responsibility Law (MVFRL).[1] For the reasons that follow, we reverse the trial court.

The facts of this case are not in dispute. On February 5, 2012, a State Police trooper stopped Licensee after he drove his off-road dirt bike across State Route 36 in Jefferson County and charged Licensee with violating Section 1786(f) of the MVFRL, 75 Pa.C.S. § 1786(f).[2] On February 17, 2012, Licensee pled guilty to the violation and was convicted by a magisterial district judge. After receiving a report of the conviction, PennDOT imposed a three-month suspension of Licensee's operating privilege pursuant to Section 1786(d)(1) of the MVFRL, 75 Pa.C.S. § 1786(d)(1).[3] Licensee appealed the license suspension to the trial court, and a hearing was held on August 3, 2012. Before appearing for the license suspension appeal hearing, Licensee successfully appealed the summary conviction for violating Section 1786(f) and instead pled guilty to two counts of disorderly conduct.

At the license suspension hearing, Licensee, appearing *pro se*, admitted that his vehicle was not insured or titled, and that he drove the vehicle across State Route 36 on the date in question. PennDOT's counsel, after questioning Licensee and introducing the certified driving record[4] into evidence, informed the court that Licensee's conviction for violating Section 1786(f) had been overturned at the summary appeal hearing, but explained that the license suspension was still warranted because this is "not a conviction-based suspension. This is an insurance-based suspension." (August 3, 2012 Hearing Transcript at 10). PennDOT's counsel argued that he had elicited enough facts from Licensee at the hearing to establish the violation.

In its Opinion, the trial court explained that it was not aware that Licensee's summary appeal had been successful until the parties brought up the issue at the hearing. The trial court explained that as a result, it would "disregard the remainder of [Licensee's] testimony, because PennDOT was not permitted to collaterally attack the trial judge's verdict at the license suspension hearing." (Trial Court's August 21, 2012 Opinion at 2). Relying on

1. 75 Pa.C.S. §§ 1701–1799.7.

2. 75 Pa.C.S. § 1786(f) provides:

    Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this Chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

3. 75 Pa.C.S. § 1786(d)(1) provides:

    The Department of Transportation shall suspend the registration of a vehicle for a

    period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

4. The certified driving record contained the official notice of suspension dated February 25, 2012; a copy of the traffic citation; the record of conviction from the magisterial district judge; and Licensee's driving record.

*Fine v. Department of Transportation, Bureau of Driver Licensing,* 694 A.2d 364 (Pa.Cmwlth.1997), the trial court held that because Licensee's testimony should have been precluded from the outset of the license suspension hearing, there was not sufficient evidence supporting the license suspension. Accordingly, the trial court sustained Licensee's appeal. This appeal by PennDOT followed.[5]

■ On appeal, PennDOT argues that the trial court erred in holding that it did not satisfy its burden of proof for an operating privilege suspension imposed in accordance with Section 1786(d)(1) solely because Licensee was successful in his summary appeal of his conviction for violating Section 1786(f). PennDOT asserts that Licensee's successful summary appeal of his conviction did not preclude it from satisfying its burden during its case-in-chief through the introduction of other evidence, because a license suspension imposed in accordance with Section 1786(d)(1) is fact-based, not conviction-based, and here, it is undisputed that Licensee operated his vehicle without the required financial responsibility.

■ In order to sustain its burden of proof where a licensee has appealed a license suspension pursuant to Section 1786(d)(1), PennDOT must establish that (1) the licensee's vehicle was of a type that required registration; (2) the financial responsibility coverage for licensee's vehicle was not secured or maintained; and (3) the licensee operated or permitted the operation of the vehicle while it was not covered by financial responsibility. *Cangemi v. Department of Transportation, Bureau of Driver Licensing,* 8 A.3d 393, 397 (Pa.

Cmwlth.2010). Once PennDOT satisfies its burden of proving a *prima facie* violation, the burden shifts to the licensee to prove, by clear and convincing evidence, that the vehicle was insured at the time it was driven. 75 Pa.C.S. § 1786(d)(4)(ii); *Capone v. Department of Transportation, Bureau of Driver Licensing,* 875 A.2d 1228, 1231 (Pa.Cmwlth.2005). It is well established that:

> [PennDOT] is not required to introduce proof of a summary conviction under Section 1786(f) in order to establish its *prima facie* case supporting a suspension under Section 1786(d). To the contrary, [PennDOT] may introduce evidence independent of the criminal charges under Section 1786(f) to establish its *prima facie* case in an appeal from a Section 1786(d) suspension.

*Baum v. Department of Transportation, Bureau of Driver Licensing,* 949 A.2d 345, 349 n. 7 (Pa.Cmwlth.2008). *See also Dubolino v. Department of Transportation, Bureau of Driver Licensing,* 816 A.2d 1200, 1202 (Pa.Cmwlth.2002) (although trial court found licensee not guilty of violating Section 1786(f), PennDOT still satisfied its *prima facie* burden of proof for suspension under Section 1786(d)(1) through testimony of officer who investigated accident that led to licensee's citation); *Williams v. Department of Transportation, Bureau of Driver Licensing,* 812 A.2d 736, 740 (Pa.Cmwlth.2002) (submission of accident report certified by Secretary of Transportation was sufficient to satisfy PennDOT's initial burden of proof and shift burden to licensee); *Smith v. Department of Transportation, Bureau of Driver Licensing,* 747 A.2d 1247, 1250 (Pa.Cmwlth.2000)

---

5. Our standard of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *McKeown v.* *Department of Transportation, Bureau of Driver Licensing,* 869 A.2d 556, 559 n. 6 (Pa. Cmwlth.2004). The scope of review on issues of law is plenary. *Id.*

(trooper's testimony constituted independent evidence that licensee drove her automobile without required insurance coverage through which PennDOT made out its *prima facie* case).

In *Fine*, we reversed a trial court's dismissal of a license suspension appeal where the conviction for violation of Section 1786(f) had been overturned. In that case, PennDOT submitted to the trial court a copy of the record of conviction from the district justice demonstrating that the licensee had pled guilty to the offense. The licensee objected to the admission of the record from the district justice and offered a copy of the order of the trial court, which heard his appeal from the district justice *de novo*, adjudging him not guilty of the offense. The trial court dismissed the appeal and reinstated the suspension, holding that PennDOT established a *prima facie* case based on the conviction by the district justice, thereby shifting the burden to the licensee, who failed to prove that he fell within an exception to Section 1786(d). We held that because the conviction before the district justice was reversed by the trial court, the conviction did not establish PennDOT's *prima facie* case and the burden never shifted to the licensee to prove that he was insured. *Fine*, 694 A.2d at 367. We further held that while PennDOT could have called licensee to testify in its case-in-chief or in proper rebuttal, the rebuttal sought was improper because it would have impermissibly attacked the trial court's verdict of not guilty. *Id.* at 367–68.

The present matter is distinguishable from *Fine* because in that case, the conviction by the district justice which had been overturned on appeal was the **only** evidence upon which the trial court based its finding that PennDOT met its burden. Here, Licensee's testimony, elicited during PennDOT's case-in-chief and which was not introduced to collaterally attack the finding of not guilty in the criminal proceeding, established that he was without insurance and operated the vehicle[6] during the period in question. Moreover, because the testimony proffered did not attack the not guilty finding, it should not have been precluded and was a substantial basis to support the suspension of his license under Section 1786(d) of the MVFRL. Because PennDOT met its initial burden, the burden shifted to Licensee to prove that the vehicle was insured at the time it was driven, and because Licensee failed to meet that burden, his license appeal should have been denied.

Accordingly, the order of the trial court is reversed and the license suspension is reinstated.

## *ORDER*

AND NOW, this *18th* day of *April*, 2013, the order of the Court of Common Pleas of Jefferson County, dated August 21, 2012, at No. 2012–00217, is reversed and the license suspension is reinstated.

---

**6.** In *Department of Transportation, Bureau of Driver Licensing v. Lear*, 151 Pa.Cmwlth. 138, 616 A.2d 185, 187–88 (1992), we held that a dirt bike operated on a Commonwealth highway is a motor vehicle subject to the financial responsibility requirements of Section 1786 of the MVFRL.