# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Paul Weaver, Jr.            :
                                   :     No. 1115 C.D. 2017
                v.                 :
                                   :     Submitted: January 12, 2018
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Driver Licensing,        :
                Appellant          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                              FILED: February 15, 2018


The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the May 25, 2017 order of the Court of Common Pleas of Washington County (trial court) which sustained the appeal of Robert Paul Weaver, Jr. (Licensee) from the three-month suspension of his operating privileges imposed by DOT under section 1786(d)(1) of the Vehicle Code, 75 Pa.C.S. §1786(d)(1) (relating to operating a motor vehicle without the required financial responsibility).

The facts of this case are not disputed. Around 5:22 p.m. on November 26, 2016, the Pennsylvania State Police stopped Licensee while he was operating his vehicle on Interstate 79. As a result of this stop, Licensee received two citations. The first citation was for a violation of section 1543(a) of the Vehicle Code, 75 Pa.C.S. §1543(a), relating to operating a motor vehicle while his operating privilege was

suspended.[1]  The second citation was for a violation of section 1786(f) of the Vehicle Code, 75 Pa.C.S. §1786(f), relating to operating a motor vehicle without the required financial responsibility.[2]  During the course of this traffic stop, Licensee telephoned an insurance company and he was able to obtain insurance on his motor vehicle effective as of 5:39 p.m. that day.  A Magisterial District Court subsequently convicted Licensee of both citations and he did not appeal these convictions.  (Trial court op. at 1.)

The Magisterial District Court thereafter notified DOT of Licensee's convictions.  By notice dated February 13, 2017, DOT informed Licensee that his operating privileges would be suspended for a period of three months, effective February 13, 2018,[3] under section 1786(d)(1) of the Vehicle Code as a result of his

---

[1] Section 1543(a) states,

> Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa.C.S. §1543(a).

[2] Section 1786(f) of the Vehicle Code states,

> Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. §1786(f).

2

operation of a motor vehicle without the required financial responsibility.[4]  Weaver appealed both suspensions to the trial court, which consolidated the appeals and held a *de novo* hearing on May 24, 2017.  (Trial court op. at 2.)

At this hearing, DOT introduced and the trial court admitted, without objection, a certified packet of documents indicating that Licensee pled guilty to violating sections 1543(a) and 1786(f) of the Vehicle Code before the Magisterial District Court on February 3, 2017.  Counsel for DOT noted that these guilty pleas establish that Licensee was operating a vehicle on November 26, 2016, at a time when his license was suspended and his vehicle was not covered by the required financial responsibility, thereby justifying the twelve-month and three-month suspensions of his operating privileges.  Counsel for DOT acknowledged receipt of a faxed declarations page from Safe Auto Insurance Company reflecting insurance on Licensee's motor vehicle, but noted that said insurance did not become effective until 5:39 p.m. on

---

[3] Around this same time, Licensee received another suspension notice from DOT indicating that his operating privileges would be suspended for a period of twelve months as a result of his conviction under section 1543 for driving a motor vehicle while his operating privileges were suspended.  The three-month suspension was scheduled to take effect after service of Licensee's twelve-month suspension.

[4] Section 1786(d)(1) states,

> The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and **shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility**. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

75 Pa.C.S. §1786(d)(1) (emphasis added).

3

November 26, 2016, 17 minutes after Licensee's traffic stop. Because Licensee did not have the required coverage as of the time of the stop, counsel for DOT argued that the imposition of the three-month suspension was proper. (Reproduced Record (R.R.) at 13a-32a.)

During questioning by the trial court, Licensee confirmed his entry of the guilty pleas before the Magisterial District Court. (R.R. at 23a.) With respect to the policy from Safe Auto Insurance Company, Licensee stated that he "pulled the policy up on [his] phone and signed up for it right then and there," i.e., during the course of the traffic stop. (R.R. at 28a-29a.) At the conclusion of the hearing, the trial court stated that it was dismissing Licensee's appeal of the twelve-month suspension but sustaining his appeal of the three-month suspension. (R.R. at 30a.) That same day, the trial court entered separate orders reflecting its decision. (R.R. at 48a.)

DOT thereafter filed a notice of appeal with the trial court. Upon the direction of the trial court, DOT later filed a statement of errors complained of on appeal, wherein DOT alleged that the trial court erred as a matter of law in sustaining Licensee's appeal of the three-month suspension. DOT argued that the evidence of record established that Licensee operated his motor vehicle without the required financial responsibility on November 26, 2016, which resulted in his unappealed conviction for violating section 1786(f) of the Vehicle Code and compelled the aforementioned suspension. DOT noted that Licensee offered no evidence that his motor vehicle was properly insured at the time of his traffic stop; instead, the only evidence he offered revealed that he obtained such insurance 17 minutes after the stop. (R.R. at 49a-59a.)

In a subsequent opinion dated July 17, 2017, the trial court acknowledged that it should not have sustained Licensee's appeal of the three-month suspension of

4

his operating privileges. The trial court explained that, under section 1786(d)(4) of the Vehicle Code, 75 Pa.C.S. §1786(d)(4), its scope of review in a case such as this was limited to determining whether the vehicle was registered or required to be registered and whether the owner operated or permitted the operation of the vehicle when it was not covered by financial responsibility. The trial court quoted this section, which further states:

> The fact that an owner, registrant or operator of the motor vehicle failed to provide competent evidence of insurance or the fact that the department received notice of a lapse, termination or cancellation of insurance for the vehicle shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at the time that it was driven.

75 Pa.C.S. §1786(d)(4)(ii).

Here, the trial court noted that it was undisputed that Licensee was operating a vehicle that was required to have financial responsibility, that he did not have the same when he was stopped, and that he did not obtain insurance until 17 minutes after the traffic stop. Additionally, the trial court stated that Licensee failed to offer any proof at the *de novo* hearing that he possessed the required financial responsibility at 5:22 p.m. on November 26, 2016, when the Pennsylvania State Police initiated the traffic stop. Further, the trial court noted, citing *Parthasarathy v. Department of Transportation, Bureau of Motor Vehicles*, 148 A.3d 492 (Pa. Cmwlth. 2016), that this Court has repeatedly found that common pleas courts "do not have discretion to sustain a registrant's appeal of a vehicle registration suspension based on hardship or other equitable factors." *Id.* at 495 (citations and internal quotation marks omitted).

On appeal,[5] DOT reiterates its argument that the trial court erred as a matter of law in sustaining Licensee's appeal of the three-month suspension of his operating privileges under section 1786(d)(1) of the Vehicle Code.[6] We agree.

As noted above, section 1786(d)(1) states,

> The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and **shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility**. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

75 Pa.C.S. §1786(d)(1) (emphasis added).

Section 1786(d)(4) of the Vehicle Code addresses the right of appeal and the scope of the same:

> Where an owner or registrant's operating privilege has been suspended under this subsection, the owner or registrant shall have the same right of appeal under section 1550 (relating to judicial review) as provided for in cases of suspension for other reason. The court's scope of review in an appeal from an operating privilege suspension shall be limited to determining whether:

---

[5] Our scope of review is limited to determining whether the trial court's findings were supported by competent evidence, whether errors of law were committed, or whether the trial court's determinations demonstrated a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989).

[6] By order of this Court dated January 9, 2018, Licensee was precluded from filing a brief in this matter.

6

(i) the vehicle was registered or of a type required to be registered under this title; and

(ii) the owner or registrant operated or permitted the operation of the same vehicle when it was not covered by financial responsibility. The fact that an owner, registrant or operator of the motor vehicle failed to provide competent evidence of insurance or the fact that the department received notice of a lapse, termination or cancellation of insurance for the vehicle shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at the time that it was driven.

75 Pa.C.S. §1786(d)(4).

Thus, in order to satisfy its *prima facie* burden of proof for the suspension of Licensee's operating privilege under section 1786(d)(1), DOT must establish that (1) the licensee's vehicle was of a type that required registration; (2) the financial responsibility coverage for licensee's vehicle was not secured or maintained; and (3) the licensee operated or permitted the operation of the vehicle while it was not covered by financial responsibility. *Pangallo v. Department of Transportation, Bureau of Driver Licensing*, 65 A.3d 1091, 1093 (Pa. Cmwlth. 2013). DOT can satisfy this burden through the introduction into evidence of properly certified documents showing a licensee's conviction for violating section 1786(f) of the Vehicle Code. *See Parnell v. Department of Transportation, Bureau of Driver Licensing*, 90 A.3d 840, 844 (Pa. Cmwlth. 2014) (holding that DOT's submission of its certified packet, which included the licensee's conviction on the summary offense of operating a vehicle without

insurance, satisfied its *prima facie* burden)[7]; *Fine v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 364, 367 n.7 (Pa. Cmwlth. 1997) (noting that while a suspension under section 1786(d) is not premised on a conviction, the elements of the offense set forth in section 1786(f) are the same facts DOT must establish for such a suspension).

In the present case, at the May 24, 2017 *de novo* hearing before the trial court, DOT introduced, without objection, a certified packet of documents that included Licensee's conviction for violating section 1786(f) of the Vehicle Code before the Magisterial District Court on February 3, 2017. These documents revealed that Licensee's conviction stemmed from his traffic stop on November 26, 2016. DOT's introduction of this certified packet of documents satisfies its *prima facie* burden of proof for the suspension of Licensee's operating privileges under section 1786(d)(1) and, hence, the burden shifted to Licensee to produce clear and convincing evidence that the vehicle was insured at the time that it was driven. However, Licensee admitted, and the trial court found, that he did not obtain the required liability insurance until 17 minutes after the traffic stop was initiated. Consequently, the three-month suspension of Licensee's operating privileges imposed by DOT under section 1786(d)(1) of the Vehicle Code was proper, and the trial court erred as a matter of law in sustaining Licensee's appeal.

Accordingly, the order of the trial court is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] In *Parnell*, we also noted that DOT bore no burden to demonstrate that the licensee acted negligently in failing to maintain insurance or that the licensee had a culpable mental state in driving without insurance. 90 A.3d at 844 (citing *Stone v. Department of Transportation, Bureau of Driver Licensing*, 647 A.2d 287, 288 (Pa. Cmwlth. 1994)).

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Paul Weaver, Jr.     :
                                  :   No. 1115 C.D. 2017
          v.                 :
                                    :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
                Appellant     :

## ***ORDER***

AND NOW, this 15th day of February, 2018, the order of the Court of Common Pleas of Washington County, dated May 25, 2017, is hereby reversed. The three-month suspension of the operating privileges of Robert Paul Weaver, Jr., imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.

_____
PATRICIA A. McCULLOUGH, Judge