# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antonia Davis | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | No. 958 C.D. 2019 |
| Appellant | : | Submitted: January 24, 2020 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY                              FILED: April 17, 2020

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the Allegheny County Common Pleas Court's (trial court) June 27, 2019 order sustaining Antonia Davis' (Licensee) appeal from DOT's three-month suspension of her operating privilege pursuant to Section 1786(d) of the Vehicle Code.[1] The sole issue before this Court is whether the trial court erred by preventing DOT from calling Licensee as a witness as on cross-examination in DOT's case-in-chief. After review, we vacate and remand.

On January 3, 2019, at 5:47 p.m., Homestead Borough Police Officer Joseph Podolak (Officer Podolak) stopped Licensee due to an expired inspection sticker on the 2010 Nissan sedan she was operating. During the traffic stop, Officer Podolak learned that Licensee was driving the vehicle without insurance. Officer

---

[1] 75 Pa.C.S. § 1786(d) (relating to suspension of operating privileges for operating a motor vehicle without required financial responsibility in violation of Section 1786(f) of the Vehicle Code, 75 Pa.C.S. § 1786(f)).

Podolak cited Licensee for violating Section 1786(f) of the Vehicle Code.[2]  On April 2, 2019, DOT mailed a notification to Licensee advising her that her operating privilege was being suspended for three months effective May 7, 2019, "because [she] failed to produce proof of financial responsibility [(insurance)] on [January 3, 2019]," when she was stopped for a traffic offense.  Reproduced Record (R.R.) at 5a.  On April 26, 2019, Licensee appealed to the trial court.[3]  On June 27, 2019, the trial court held a hearing[4] and sustained Licensee's appeal.  DOT appealed to this Court.[5]  On September 4, 2019, the trial court filed its opinion.

DOT argues that the trial court erred by preventing DOT from calling Licensee as a witness as on cross-examination in DOT's case-in-chief.

Initially, Section 1786(f) of the Vehicle Code states:

Any owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter.  In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a

---

[2] 75 Pa.C.S. § 1786(f) (relating to operating a motor vehicle without required financial responsibility).

[3] Licensee also filed an appeal from a three-month suspension of her 2010 Nissan sedan's registration, which suspension was imposed pursuant to Section 1786(d) of the Vehicle Code (relating to registration suspension due to lack of financial responsibility).  *See Davis v. Dep't of Transp., Bureau of Motor Vehicles* (Pa. Cmwlth. No. 959 C.D. 2019, filed April 17, 2020).

[4] The trial court held a single hearing relative to both of Licensee's appeals.  *See* R.R. at 13a, 15a.

[5] "Our scope of review is limited to determining whether the trial court's findings were supported by competent evidence, whether errors of law were committed, or whether the trial court's determinations demonstrated a manifest abuse of discretion."  *Weaver v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 122, 126 n.5 (Pa. Cmwlth. 2018).

By January 24, 2020 Order, Licensee was precluded from filing a brief for failing to comply with the Court's December 16, 2019 Order directing her to file a brief within 14 days.

summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. § 1786(f). Section 1786(d)(1) of the Vehicle Code further provides:

> [**DOT**] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and **shall suspend the operating privilege of the owner** or registrant **for a period of three months if** [**DOT**] **determines that the owner** or registrant **has operated** or permitted the operation of **the vehicle without the required financial responsibility** . . . .

75 Pa.C.S. § 1786(d)(1) (emphasis added). Section 1786(d)(4) of the Vehicle Code specifies:

> **The court's scope of review** in an appeal from an operating privilege suspension **shall be limited to determining whether**:
>
> (i) **the vehicle was registered** or of a type required to be registered under this title; **and**
>
> (ii) **the owner** or registrant **operated** or permitted the operation of **the** same **vehicle when it was not covered by financial responsibility**. The fact that an owner, registrant or operator of the motor vehicle failed to provide competent evidence of insurance or the fact that [DOT] received notice of a lapse, termination or cancellation of insurance for the vehicle shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at the time that it was driven.

75 Pa.C.S. § 1786(d)(4) (emphasis added). "Once [DOT] satisfies its burden of proving a *prima facie* violation, the burden shifts to the licensee to prove, by clear and convincing evidence, that the vehicle was insured at the time it was driven." *Pangallo v. Dep't of Transp., Bureau of Driver Licensing*, 65 A.3d 1091, 1093 (Pa. Cmwlth. 2013).

3

DOT may use certified copies of a licensee's guilty pleas and/or convictions for violating Section 1786(f) of the Vehicle Code to make out a *prima facie* case for suspensions under Section 1786(d) of the Vehicle Code. *See Cangemi v. Dep't of Transp., Bureau of Driver Licensing*, 8 A.3d 393 (Pa. Cmwlth. 2010); *see also Pangallo*; *Stone v. Dep't of Transp., Bureau of Driver Licensing*, 647 A.2d 287 (Pa. Cmwlth. 1994). However, because suspensions under Section 1786(d) of the Vehicle Code are not conviction-based,

> [i]t is well established that:

>> [DOT] is not required to introduce proof of a summary conviction under Section 1786(f) [of the Vehicle Code] in order to establish its *prima facie* case supporting a suspension under Section 1786(d) [of the Vehicle Code]. To the contrary, [DOT] may introduce evidence independent of the criminal charges under Section 1786(f) [of the Vehicle Code] to establish its *prima facie* case in an appeal from a Section 1786(d) [of the Vehicle Code] suspension.

> *Baum v. Dep[']t of Transp[.], Bureau of Driver Licensing*, 949 A.2d 345, 349 n.7 (Pa. Cmwlth. 2008). *See also Dubolino v. Dep[']t of Transp[.], Bureau of Driver Licensing*, 816 A.2d 1200, 1202 (Pa. Cmwlth. 2002) (although trial court found licensee not guilty of violating Section 1786(f) [of the Vehicle Code], [DOT] still satisfied its *prima facie* burden of proof for suspension under Section 1786(d)(1) [of the Vehicle Code] through testimony of officer who investigated accident that led to licensee's citation); *Williams v. Dep[']t of Transp[.], Bureau of Driver Licensing*, 812 A.2d 736, 740 (Pa. Cmwlth. 2002) (submission of accident report certified by Secretary of Transportation was sufficient to satisfy [DOT's] initial burden of proof and shift burden to licensee); *Smith v. Dep[']t of Transp[.], Bureau of Driver Licensing*, 747 A.2d 1247, 1250 (Pa. Cmwlth. 2000) (trooper's testimony constituted independent evidence that licensee drove her automobile without required insurance coverage through which [DOT] made out its *prima facie* case).

4

*Pangallo*, 65 A.3d at 1093-94. Accordingly, DOT may issue civil driver's license and vehicle registration suspensions under Section 1786(d) of the Vehicle Code even if a licensee has not been criminally convicted of violating Section 1786(f) of the Vehicle Code.

In the instant matter, as the June 27, 2019 hearing commenced, the trial court asked Licensee: "[D]id you have insurance on the 3[rd] of January of 2019?" R.R. at 15a. Licensee responded: "I did not."[6] R.R. at 15a. She added: "I obtained insurance a few days later." R.R. at 16a. When the trial court asked Licensee what she wanted the trial court to do, Licensee answered that she would like the suspension overturned. *See* R.R. at 16a.

DOT's counsel clarified to the trial court that Licensee had appealed from the citation for her violation of Section 1786(f) of the Vehicle Code, that Officer Podolak did not appear for the hearing in that action, and that the court found Licensee not guilty of the criminal summary offense. *See* R.R. at 17a-18a. DOT's counsel further explained that, since suspensions under Section 1786(d) of the Vehicle Code are not conviction-based, DOT can nevertheless suspend Licensee's operating privilege if it can prove, either by documentation or operator admission, that Licensee was driving without the requisite insurance coverage. *See* R.R. at 18a-20a. The trial court responded: "I didn't know that. Had I known that, I wouldn't have asked her." R.R. at 19a. DOT's counsel represented that he "would have asked both [Licensee] and [Officer Podolak] whether she produced proof of liability coverage." R.R. at 19a.

Officer Podolak testified for DOT at the hearing in the current civil action that, after he stopped Licensee on January 3, 2019, he asked her to produce her driver's license, vehicle registration and proof of insurance. *See* R.R. at 21a.

---

[6] It is not clear from the record whether Licensee's admission was made under oath.

Although he could not recollect whether Licensee produced insurance coverage documents or if she verbally informed him thereof, he recalled that he "made a note that there was a State Farm policy and [he] documented the policy number and contacted [State Farm,] and [State Farm] stated that the policy was cancelled . . . ." R.R. at 21a. The trial court *sua sponte* declared that Officer Podolak's testimony regarding what he learned from State Farm was hearsay. *See* R.R. at 21a-23a. When DOT's counsel announced his intention to call Licensee as on cross-examination, the trial court declared:

> THE [TRIAL] COURT: But she doesn't remember . . . .
>
> [DOT COUNSEL]: She just admitted a little while ago that she didn't have liability coverage on her Nissan sedan on January 3 of this year at 5:47 p.m. Her admission is on the record.
>
> THE [TRIAL] COURT: The [trial c]ourt takes responsibility for that. I didn't know that that was an issue and I should never have asked her.
>
> . . . .
>
> I am going to sustain [the appeal].

R.R. at 23a-24a. The trial court thereby precluded DOT from meeting its burden of proving that Licensee owned the vehicle and that it was not insured while she was operating it on January 3, 2019.

> This Court acknowledges:
>
> A trial court has discretion to determine both the scope and the permissible limits of cross-examination. *Commonwealth v. Rivera*, . . . 983 A.2d 1211, 1230 ([Pa.] 2009). The 'trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law.' *Commonwealth v. Birch*, . . . 616 A.2d 977, 978 ([Pa.] 1992) (internal quotation marks omitted).

6

*Commonwealth v. Briggs*, 12 A.3d 291, 335 (Pa. 2011). However, this Court has specifically ruled:

> [DOT] is entitled to call any witness, adverse or otherwise, to sustain its burden of proof. Thus, it is evident that the law of this Commonwealth allows [DOT] the discretion to call [a l]icensee as an adverse witness in its case-in-chief. *See also Gaul v. Consol*[.] *Rail Corp*., . . . 556 A.2d 892 ([Pa. Super.] 1989) (a witness may be called as on cross-examination when his interest is adverse to the party calling upon him to testify. The interest of the witness to be cross-examined must be involved in the suit in the sense that the judgment would operate on the witness' legal rights and liabilities and that the interest in question would be promoted by the success of the adversary to the party calling the witness).

*Leek v. Dep't of Transp., Bureau of Driver Licensing*, 746 A.2d 1171, 1174-75 (Pa. Cmwlth. 2000). Because DOT was clearly entitled to call Licensee as on cross-examination in its case-in-chief, the trial court abused its discretion by ruling otherwise.

> Notably, the trial court recognized in its opinion:
>
> [The trial c]ourt agrees with [DOT] that [Licensee's] admission that she did not have financial responsibility insurance on the date of the traffic stop, January 3, 2019, was sufficient to establish that she violated Section 1786(d) [sic] of the Vehicle Code. Therefore, [the trial c]ourt's [o]rder[] of June 27, 2019 should be vacated and the matter should be remanded to this [trial c]ourt.

R.R. at 41a. However, in order for DOT to meet its burden, it must prove not only that the 2010 Nissan sedan did not have the required insurance coverage while Licensee was operating it on January 3, 2019, but that she owned the vehicle and it was registered to her at the time. *See* 75 Pa.C.S. § 1786(d).

7

Accordingly, based on the foregoing, the trial court's order is vacated, and the matter is remanded to the trial court to conduct a hearing at which DOT is permitted to call Licensee as a witness in its case-in-chief.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonia Davis                                          :
                                                       :
                    v.                                 :
                                                       :
Commonwealth of Pennsylvania,                          :
Department of Transportation,                          :
Bureau of Driver Licensing,                            :     No. 958 C.D. 2019
                    Appellant                          :

## O R D E R

AND NOW, this 17th day of April, 2020, the Allegheny County Common Pleas Court's (trial court) June 27, 2019 order is vacated, and the matter is remanded to the trial court to conduct a hearing at which the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, is permitted to call Antonia Davis as a witness in its case-in-chief.

Jurisdiction is relinquished.


_____
ANNE E. COVEY, Judge